# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL GREEN,<br><br>    Petitioner,<br><br>    v.<br><br>J. LIZARRAGA,<br><br>    Respondent. | Case No. 1:17-cv-00545-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 12) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 convictions in Kings County Superior Court Case No. 09CM7401. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss.

**I.**

**BACKGROUND**

On September 10, 2009, Petitioner pleaded no contest in Kings County Superior Court Case No. 09CM7401 to resisting an officer and exposing himself. Petitioner was sentenced to an imprisonment term of thirty-two months, to be served consecutive to Petitioner's life term for a prior conviction. (ECF No. 1 at 1[1]; ECF No. 23-8). Petitioner did not appeal his sentence.

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On January 14, 2016,[2] Petitioner filed a state petition for writ of habeas corpus in the Kings County Superior Court, which denied the petition on March 29, 2016. (LDs[3] 2, 3). On April 20, 2016, Petitioner filed another state habeas petition in the Kings County Superior Court, which denied the petition as untimely on June 9, 2016. (LDs 4, 5). On January 5, 2017, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on January 26, 2017. (LDs 6, 7). On February 1, 2017, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition as untimely on March 29, 2017.

On April 10, 2017,[4] Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). In his sole claim for relief, Petitioner asserts he was not competent to plead no contest. On June 14, 2017, Respondent filed a motion to dismiss. (ECF No. 12). Petitioner has filed an opposition, and Respondent has filed a reply. (ECF Nos. 15, 23).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[2] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). The Court notes that Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 12 at 2 n.2).
[3] "LD" refers to the documents lodged by Respondent on June 15, 2017. (ECF Nos. 13, 14).
[4] Petitioner signed the petition on April 10, 2017. (ECF No. 1 at 10). The proof of service states that the petition was mailed to the Court by Mrs. Virginia S. Green on April 12, 2017. (ECF No. 1 at 22). The Court will deem the petition filed on April 10, 2017, the date more favorable to Petitioner.

> judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. However, in the opposition to the motion to dismiss, Petitioner appears to argue that the limitation period began to run on a later date, January 3, 2016, when "perchance Petitioner discovered new evidence that if a court accepted a plea[] from a defendant that another a court had just previously declared gravely disabled and mentally incompetent, this was ineluctably a fundamental miscarriage of justice." (ECF No. 15 at 3).

Section 2244(d)(1)(D) provides that the one-year limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, *regardless of when their legal significance is actually discovered*." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added) (citing Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003)). Here, however,

Petitioner's claim is not based on facts of which Petitioner was unaware or facts that could not have been discovered through due diligence until January 3, 2016. Rather, Petitioner discovered the potential *legal significance* of a court accepting a guilty plea from a defendant who had previously been declared gravely disabled and mentally incompetent by another court. Therefore, Petitioner is not entitled to a January 3, 2016 limitation period commencement date pursuant to § 2244(d)(1)(D).

Here, Petitioner was sentenced on September 10, 2009, and did not appeal. Therefore, the judgment became final when Petitioner's time for seeking review expired on November 9, 2009, sixty days after Petitioner was sentenced. See Cal. R. Ct. 8.308. Pursuant to § 2244(d)(1)(A), the one-year limitation period commenced running the following day, November 10, 2009, and absent tolling, was set to expire on November 9, 2010. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Equitable Tolling**

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the "heavy burden" of showing that he is entitled to equitable tolling. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam). Here, Petitioner contends he is entitled to equitable tolling based on mental incompetence. (ECF No. 15 at 4).

In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit articulated the following standard for equitable tolling based on mental impairment:

> (1) *First,* a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

> (2) *Second,* the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills, 628 F.3d at 1099–1100 (footnote omitted) (citing Holland, 560 U.S. at 649).

1. Extraordinary Circumstance

In the opposition, Petitioner states that from 2009 to 2016 he was psychotic, hearing voices, and was taking strong psychotropic medication. (ECF No. 15 at 2). Petitioner states that he attempted suicide seven times during that time. (Id. at 3). Petitioner also claims that he was declared gravely disabled and incompetent by an administrative law judge on May 20, 2009. (Id. at 2). Respondent has attached to the reply Petitioner's mental health records from 2009 to the present, which indicate that he has been diagnosed with bipolar disorder, exhibitionism, and antisocial personality disorder throughout his incarceration. (ECF No. 23 at 8–9 and citations thereto).

The Supreme Court has recognized that "[m]ental illness itself is not a unitary concept. It varies in degree. It can vary over time. It interferes with an individual's functioning at different times in different ways." Indiana v. Edwards, 554 U.S. 164, 175 (2008). For example, in Yeh v. Martel, 751 F.3d 1075 (9th Cir. 2014), the Ninth Circuit found that equitable tolling was not warranted where the petitioner "repeatedly sought administrative and judicial remedies," including filing state habeas petitions in three different California venues, which "refute[d] a claim of impairment so debilitating that one could not 'rationally or factually' understand the meaning of a deadline." 751 F.3d at 1078. See also Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010). Accordingly, the Court will undertake a review of the relevant time period and determine whether at any point Petitioner's mental impairment was so severe that he "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." Bills, 628 F.3d at 1100.

///
///

**a. November 10, 2009 to May 17, 2010**

In October 2009 Petitioner commenced a § 1983 civil rights action in this Court. Green v. David, No. 1:09-cv-01747-AWI-GBC (E.D. Cal. Oct. 5, 2009).[5] From November 2009 to May 2010, Petitioner filed various administrative appeals. (ECF No. 23-5 at 177, 182, 186–88, 196, 203, 207–08, 212, 217, 219, 297). On March 29, 2010, Petitioner filed a motion for a temporary restraining order, and on April 4 and May 17, 2010,[6] Petitioner filed sworn affidavits in the § 1983 action. Green, No. 1:09-cv-01747-AWI-GBC, ECF Nos. 10–12.

On May 20, 2009, prior to the commencement of the limitation period, an administrative law judge found by clear and convincing evidence that as a result of a mental defect or mental disorder, Petitioner was gravely disabled and incompetent to refuse medications and a danger to others. The administrative law judge ordered that Petitioner may be involuntarily administered psychotropic medication for a period of one year, from May 20, 2009 to May 19, 2010. (ECF No. 23-1 at 216). However, in light of Petitioner's extensive administrative appeals and multiple court filings, the Court finds that Petitioner's mental condition was not so severe that he "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." Bills, 628 F.3d at 1100. Accordingly, Petitioner has not established the existence of an extraordinary circumstance from November 10, 2009, when the limitation period commenced, to May 17, 2010—a period of 189 days.

**b. May 18, 2010 to September 1, 2010**

Based on the records submitted by Respondent, Petitioner was admitted into an inpatient treatment program on June 21, 2010 and discharged on August 5, 2010. (ECF No. 23-1 at 88, 93). The Court assumes, without deciding, that Petitioner's mental condition was severe enough to constitute an extraordinary circumstance during this period. In support of such an assumption is the fact that during this period, Petitioner did not file any administrative appeals and took no

---

[5] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).
[6] Pursuant to the prison mailbox rule, "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 270–71 (1988)).

action in his § 1983 civil rights case. Accordingly, the Court assumes the existence of an extraordinary circumstance from May 18, 2010 to September 1, 2010.[7]

### c. September 2, 2010 to February 21, 2011

Petitioner filed objections to findings and recommendation issued in his § 1983 action on September 2, 2010, in addition to two motions later that month. Green, No. 1:09-cv-01747-AWI-GBC, ECF Nos. 15, 20, 21. Petitioner also commenced another § 1983 prisoner civil rights action and filed motions to proceed *in forma pauperis* and for preliminary injunction. Green v. Ferguson, No. 1:10-cv-01768-AWI-JLT (E.D. Cal. Sept. 27, 2010), ECF Nos. 1–3. Petitioner filed administrative appeals on September 25, October 12, and November 21, 2010. (ECF No. 23-5 at 155, 162). On January 23 and 27, and February 21, 2011, Petitioner filed motions in his earlier § 1983 proceeding. Green, No. 1:09-cv-01747-AWI-GBC, ECF Nos. 30, 33, 37.

In light of Petitioner's administrative appeals and court filings, the Court finds that Petitioner's mental condition was not so severe that he "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." Bills, 628 F.3d at 1100. Accordingly, Petitioner has not established the existence of an extraordinary circumstance from September 2, 2010 to February 21, 2011—a period of 173 days.

### d. February 23, 2011 to August 9, 2011

On February 23, 2011, an administrative law judge found by clear and convincing evidence that as a result of a mental defect or mental disorder, Petitioner was a danger to himself. The administrative law judge ordered that Petitioner may be involuntarily administered psychotropic medication for a period of 180 days, from February 23, 2011 to August 21, 2011. (ECF No. 23-1 at 196). The Court assumes, without deciding, that Petitioner's mental condition was severe enough to constitute an extraordinary circumstance from February 22, 2011 to August 9, 2011, a period wherein Petitioner could be involuntarily administered psychotropic

---

[7] Petitioner did not file any administrative appeals or documents in his § 1983 case from May 18, 2010 to September 1, 2010, which encompasses the time Petitioner was admitted into the inpatient treatment program. The Court will give Petitioner the benefit of the more favorable dates and assume the existence of an extraordinary circumstance during this period.

7

medication and did not file any administrative appeals or documents in his § 1983 civil rights proceedings.

### e. August 10, 2011 to February 13, 2012

On August 10, 2011, Petitioner filed a response to a court order in Case No. 1:10-cv-01768-AWI-JLT. Green, No. 1:10-cv-01768-AWI-JLT, ECF No. 12. On August 17, 2011, an administrative law judge denied a petition to involuntary medicate Petitioner. (ECF No. 23-1 at 185). Petitioner filed documents in his § 1983 cases in October and November 2011 in addition to filing motions for preliminary injunction on February 13, 2012. Green, No. 1:09-cv-01747-AWI-GBC, ECF Nos. 41, 45, 47; Green, No. 1:10-cv-01768-AWI-JLT, ECF No. 26.

From August 2011 to February 2012, progress notes indicate that Petitioner is "oriented and alert," either "stable" or "stabilizing," and that effective communication was achieved. (ECF No. 23-1 at 141, 145, 147–49, 153, 155–57, 162–66, 168–71, 175, 181, 188; ECF No. 23-2 at 163–65, 167, 169–70, 172). Petitioner's attention and concentration was described as engaged. Petitioner's speech was described as cohesive, clear, responsive, and spontaneous. Petitioner's memory was described as intact and consistent. Petitioner's intellectual functioning was described as intact, average, and high. Petitioner's thought process was described as linear, logical, and goal-oriented. Petitioner's thought content was described as within normal limits and reality-based. Petitioner denied hallucinations, suicidal ideation, and homicidal ideation, and there was no discernment of any delusions. (ECF No. 23-2 at 173, 178, 186).

Based on the foregoing, the Court finds that Petitioner's mental condition was not so severe that he "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." Bills, 628 F.3d at 1100. Accordingly, Petitioner has not established the existence of an extraordinary circumstance from August 10, 2011 to February 13, 2012—a period of 188 days.

### f. Summary

As set forth above, Petitioner has not established the existence of an extraordinary circumstance for at least the following time periods: November 10, 2009 to May 17, 2010 (189

1  days); September 2, 2010 to February 21, 2011 (173 days); and August 10, 2011 to February 13,
2  2012 (188 days). This adds up to a total of 550 days, which exceeds the one-year limitation
3  period.

4      2. Diligence

5      In order to be entitled to equitable tolling, a petitioner must have exercised "reasonable
6  diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (citations and internal
7  quotation marks omitted). "The standard for reasonable diligence does not require an
8  overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a
9  reasonable person might be expected to deliver under his or her particular circumstances." Doe v.
10 Busby, 661 F.3d 1001, 1015 (9th Cir. 2011). "To determine if a petitioner has been diligent in
11 pursuing his petition, courts consider the petitioner's overall level of care and caution in light of
12 his or her particular circumstances." Id. at 1013. The Ninth Circuit has held that "diligence
13 during the existence of an extraordinary circumstance is the key consideration." Gibbs v.
14 Legrand, 767 F.3d 879, 892 (9th Cir. 2014). However, Petitioner's diligence before and after the
15 extraordinary circumstance is "[a]lso relevant" and "may be illuminating." Id.

16     With respect to equitable tolling claims based on a mental impairment, the Ninth Circuit
17 has held that "the petitioner must show diligence in pursuing the claims to the extent he could
18 understand them, but that the mental impairment made it impossible to meet the filing deadline
19 under the totality of the circumstances, including reasonably available access to assistance."
20 Bills, 628 F.3d at 1100 (citing Holland, 560 U.S. at 649). Here, Petitioner has failed to make any
21 allegations as to what steps he took to diligently pursue his federal claims at the time the
22 extraordinary circumstance stood in his way. Petitioner does not provide details of any specific
23 action he took in pursuing the claims to the extent he could understand them. Therefore, the
24 Court finds that Petitioner has not met his burden in establishing that he has been pursuing his
25 rights diligently.
26 ///
27 ///
28 ///

### 3. Conclusion

In sum, Petitioner has not established that he is entitled to equitable tolling. Although the Court has assumed that for certain periods of time Petitioner's mental state constituted an extraordinary circumstance, Petitioner has not established the existence of an extraordinary circumstance for at least 550 days, which exceeds the one-year limitation period. Moreover, Petitioner has not demonstrated that he pursued his rights diligently.

### C. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). However, § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Here, the limitations period expired prior to when Petitioner's first state habeas petition was filed on January 14, 2016. Accordingly, Petitioner is not entitled to statutory tolling under § 2244(d)(2), and the instant federal petition is untimely.

## III.
## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 12) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 2, 2018** /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE